# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2023

Lyle W. Cayce
Clerk

No. 22-30370
Summary Calendar

―――――――――

Daphne Weary,

*Plaintiff—Appellant*,

*versus*

Lumber Liquidators, Incorporated,

*Defendant—Appellee*.

―――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-cv-698

―――――――――

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Daphne Weary, appeals the district court's summary judgment in favor of Defendant-Appellee, Lumber Liquidators, Incorporated, dismissing Weary's claim of racial discrimination in employment. We conclude that the district court did not err and AFFIRM.

―――――――――

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-30370

## I. BACKGROUND

Lumber Liquidators, Incorporated ("LL"), is a nationwide retailer of hard-surface flooring. In January 2017, LL hired Weary, who is African American, as an assistant manager at its store in Baton Rouge, Louisiana. At that time, Rahman Muhammed was Weary's supervisor. In June 2017, Seth Harper replaced Muhammed.

On January 20, 2018, Harper gave Weary a "Verbal/Coaching Record." In February 2018, Harper conducted a formal review of Weary's job performance during her first year of employment. His review resulted in the issuance of a thirty-day Performance Improvement Plan ("PIP"), which informed Weary that she was "not currently meeting all of the standards expected of a [LL] Assistant Store Manager." The PIP listed Weary's performance standards "considered deficient and require[ing] immediate attention." As required by the PIP, Harper met with Weary weekly for four weeks. On June 12, 2018, LL terminated Weary's employment because Weary "continued with poor performance." LL did not fill Weary's position after terminating her employment.

On March 6, 2019, Weary filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights. The EEOC subsequently issued Weary a right-to-sue letter. Weary thereafter filed the instant Title VII action asserting that LL unlawfully terminated her based on her race.[1] Specifically, she asserted her termination was based on Haper's discriminatory animus. Weary contended that "Harper referred to her as 'diva' in the context of claiming that 'black girls act like divas.'" Weary also alleged that on or around May 11, 2018, about a month before her termination, Harper told her

---

[1] Weary also asserted an age discrimination claim but later abandoned that claim.

2

that "she was better working with 'black customers' and that he was better working with other races."

LL moved for summary judgment arguing that Weary had no direct evidence of racial discrimination; that she was unable to establish the fourth element of a prima facie case of racial discrimination under the *McDonnell Douglas*[2] framework; and that even if she could, LL terminated her for legitimate, nondiscriminatory reasons, which Weary could not show were a pretext for racial discrimination. In opposing summary judgment, Weary asserted that in addition to the remarks mentioned in her complaint, Harper also showed discriminatory animus by referring to "uppity" people shortly after Weary's niece graduated from law school. And stating that "he did not associate with that 'class of people.'" The district court granted summary judgment in favor of LL. Weary filed a timely notice of appeal.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo.[3] Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] When a plaintiff does not have direct evidence of discriminatory intent, circumstantial evidence of discriminatory intent may be presented under the *McDonnell Douglas* burden-shifting framework.[5] Under that framework, a plaintiff has the initial burden of establishing a prima facie case of discrimination, which consists of the following elements: (1) the plaintiff was a member of a protected class; (2) she was qualified for

---

[2] *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

[3] *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021).

[4] Fed. R. Civ. P. 56(a).

[5] *Ross*, 993 F.3d at 321.

the position at issue; (3) she suffered a final, adverse employment action; and (4) was either replaced by someone outside the protected class or otherwise treated less favorably than others similarly situated (i.e., comparator) outside the protected class.[6] If the plaintiff establishes the four elements of a prima facie case, the burden of production shifts to the employer to provide a "legitimate, nondiscriminatory reason" for the plaintiff's termination. If the employer meets this burden, the burden then shifts back to the plaintiff to show by a preponderance of the evidence that the employer's articulated reason is pretext for discrimination.[7]

The district court determined that Weary could not establish the fourth element of her prima facie case. Specifically, no one replaced Weary after her termination; Weary was unable to identify a similarly situated non-African American employee who was treated more favorably than she; and Harper's alleged discriminatory comments were not sufficient to carry Weary's burden. Weary argues that she established the fourth element of her prima facie case by "other means" when she offered "two sets of *three* racial remarks." She asserts that the district court erroneously used a "direct evidence" standard, instead of a less onerous "indirect evidence" standard, in determining that the alleged remarks did not satisfy the fourth element of her prima facie case. Weary additionally argues that this same evidence "set out facts that also go toward pretext."

We need not address the issue whether the district court used the proper standard because even assuming Weary satisfied the fourth element of her prima facie case, LL met its burden of producing legitimate, nondiscriminatory reasons for her termination, and Weary was unable to

---

[6] *Id.*

[7] *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

come forward with evidence establishing a genuine dispute that those reasons were pretext for discrimination.[8]

As noted above, LL asserts that it terminated Weary based on her continued poor job performance after placing her on a PIP. Weary's termination paperwork cites eight reasons for her termination, seven of which detail specific interactions Plaintiff had with customers and coworkers.[9] This Court has "repeatedly held that a charge of 'poor work performance' . . . when coupled with specific examples" satisfies an employer's burden of setting forth a legitimate, nondiscriminatory reason for termination.[10] Because LL satisfied its burden of production,[11] the burden shifted back to Weary to come forward with evidence establishing a genuine dispute that LL's reasons were pretextual.

Weary argues that LL's reasons for her termination were pretextual by pointing to Harper's alleged "discriminatory remarks" as well as his alleged "ongoing abuse" during the time period between making those comments. She also challenges the veracity of LL's purported nondiscriminatory reasons by noting that "[h]er sales were good" and that

---

[8] Although the district court did not rule on the remaining elements of the *McDonnell Douglas* burden-shifting framework, we may affirm summary judgment based on any basis supported by the record. *Jennings v. Towers Watson*, 11 F.4th 335, 343 (5th Cir. 2021).

[9] Among the reasons cited by LL for Plaintiff's termination include her: unwillingness "to load" and "listen[] . . . to customers," inability to remember how to "sell" deliveries, and failure to "adapt[] to different customer types," even after receiving coaching from her supervisor.

[10] *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 231 (5th Cir. 2015) (citations omitted).

[11] *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) (citation omitted) (stating that employer's "burden is one of production, not persuasion; it 'can involve no credibility assessment.'").

her disciplinary record included only one verbal write up for being late from lunch.  Weary's arguments are unavailing.

"Stray remarks with no connection to an employment decision cannot create a fact issue regarding discriminatory intent and are insufficient to defeat summary judgment."[12]  Here, Weary has presented no evidence that any of Harper's alleged comments, made over the course of a year,[13] had any connection to her termination.  Absent such a connection, this Court has consistently held that isolated remarks, such as those at issue here, provide insufficient evidence of pretext to defeat summary judgment.[14]  Moreover, Plaintiff's assertion that she had a strong performance record at LL is not sufficient to create an issue of pretext.[15]  And aside from conclusively asserting that she had a strong performance record, Plaintiff has not come

---

[12] *Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999).

[13] Plaintiff alleges that Harper made the first remark in June of 2017 and made the final remark in May of 2018, the month before she was terminated.

[14] *See, e.g.*, *Scales*, 181 F.3d at 712 (noting that plaintiff's "only evidence of discrimination" consisted of her employer's comment that "she find a 'black mentor' and statements made in an old newspaper article"and that "[t]he problem with viewing these statements as anything more than stray remarks is that there is *no* evidence that either statement was connected to the [employer's] hiring process").  Notably, even the case relied on by Weary, *Oldenburg v. University of Texas at Austin*, 860 F. App'x 922 (5th Cir. 2021) (per curiam) (unpublished) held that the plaintiff's evidence that "members of the hiring committee stated her 'philosophy seems dated' and referred to her methods as 'old school' or 'tried and true' did not establish pretext.  Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority."  *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[15] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) ("Merely disputing Appellee's assessment of h[er] performance will not create an issue of fact . . . at the pretext stage." (citing *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001))).

forward with any evidence that LL's stated reasons for her termination were false.[16]

Based on the foregoing, we conclude that Weary failed to come forward with evidence establishing a genuine dispute that LL's legitimate, nondiscriminatory reasons were not pretextual. Accordingly, the district court's summary judgment in favor of Defendant-Appellee, Lumber Liquidators, Incorporated, is AFFIRMED.

---

[16] Unlike the plaintiff in *Reeves* who "made a substantial showing that [his employer's] explanation was false" by offering "evidence that he had properly maintained the attendance records," Weary has presented no evidence that would cast doubt on the reasons given by LL for her termination. *See Reeves*, 530 U.S. at 144-46 (finding that plaintiff presented evidence at trial that cast doubt on his employer's assertion that plaintiff was fired because of his poor work performance and recordkeeping).